UNITED STATES, Appellee

v

EVERETT L. JOHNSON, Private,
U. S. Army, Appellant

17 USCMA 288, 38 CMR 86

No. 20,426

November 17, 1967

*Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker,* and *Major David J. Passamaneck* were on the pleadings for Appellant, Accused.
  *Lieutenant Colonel David Rarick* and *Captain William R. Steinmetz* were on the pleadings for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused was convicted of three specifications of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and sentenced to dishonorable discharge, total forfeitures, confinement at hard labor for two years, and reduction. The absences were for periods, respectively, of twenty-six days, fifty-three days, and sixty-two days.

Evidence was introduced as to two previous convictions of unauthorized absence extending to six days and four days. Accused testified as to his civilian and military background, and to his efforts in the past to obtain combat duty. The absences for which he was correctly convicted commenced after he received orders back to the United States from Vietnam and were motivated by a chance to remain overseas in light of severe domestic problems with his wife and his desire to continue combat duty. Two noncommissioned officers testified to accused's ability as a soldier and their desire to have him retained in the service and to serve in their unit. Both counsel argued extensively on the sentence. The law officer, however, limited his advice to the maximum punishment imposable and to the mechanics of voting, delineating the separate penalty for each specification.

The law officer's failure to provide adequate guideposts for the adjudication of an appropriate sentence was erroneous. United States v Wheeler, 17 USCMA 274, 38 CMR 72, this day decided. Under the circumstances, the error was prejudicial. There was substantial evidence adduced of accused's good military character and enthusiastic, if misguided efforts, to remain in combat, as well as his serious domestic problems. Had the court-martial been more fully informed, it is fair to state it might not have sentenced the accused to a near-maximum punishment. Accordingly, corrective action is required.

The decision of the board of review

288

is reversed and the record of trial is returned to the Judge Advocate General of the Army. The board may reassess the sentence or order a rehearing thereon.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

In at least two circumstances, this case is so different from United States v Wheeler, 17 USCMA 274, 38 CMR 72, as to require a different result. First, in *Wheeler*, trial counsel's argument implied that the accused's long and honorable service could not be considered by the court members in their determination of the sentence; the law officer's failure to dispel this erroneous inference presented a fair risk that the court members were misled as to the law. See United States v Adams, 5 USCMA 563, 18 CMR 187. No such situation is present here. Secondly, in *Wheeler*, the law officer did not inform the court members of permissible punishments other than those set out in the instruction on the maximum. The record of trial indicated a sentence work sheet listing other punishments had been given to the court members, but it did not appear the work sheet was shown to defense counsel or that he agreed it should be used by the court members. Thus, it could not be reasonably inferred from the record that the work sheet was treated as part of the sentence instructions. See United States v Caid, 13 USCMA 348, 32 CMR 348.[1] Here, a sentence work sheet listing the permissible punishments was examined by defense counsel, and he indicated he had "no objection to it." In addition, the law officer instructed the court members regarding the maximum punishment for each of the three offenses of which the accused was convicted, thereby informing them of the severity of each offense in relation to the total punishment to which the accused was subject.

The record of trial satisfies me that the court members had adequate guideposts to assist them in the determination of an appropriate sentence. I would, therefore, affirm the decision of the board of review.

---

[1] In United States v Caid, 13 USCMA 348, 352, 32 CMR 348, we said:

"While we do not recommend the procedure of presenting instructions on the sentence through the medium of a work sheet, where, as here, all the parties to the trial have examined it in open court and agreed that it constitutes a part of the sentence advice, we are inclined to find no error in its use."