UNITED STATES, Appellee

v

STEVEN DANIEL THOMPSON, Fireman Apprentice,
U. S. Navy, Appellant

17 USCMA 292, 38 CMR 90

No. 20,532

November 17, 1967

*Major L. G. Bohlen,* USMC, was on the pleadings for Appellant, Accused.
*Lieutenant Charles Freeland,* USNR, was on the pleadings for Appellee,
United States.

## Opinion of the Court

FERGUSON, Judge:

Pursuant to his plea, the accused was found guilty of two specifications of absence without leave and one of wrongful possession of a Naval identification card, in violation, respectively, of Uniform Code of Military Justice, Articles 86 and 134, 10 USC §§ 886, 934. He was sentenced to bad-conduct discharge, forfeiture of $66.00 per month for six months, confinement at hard labor for six months, and reduction.

The president's instructions on the penalty were limited to the maximum imposable sentence and, although none of the offenses as such authorized a punitive discharge, he did not inform the court the basis for such additional punishment was the fact that, taken together, they permitted confinement for six months. The omission of proper instructions on the sentence was error and, under the circumstances here presented, prejudicial. United States v Wheeler, 17 USCMA 274, 38 CMR 72; United States v Yocom, 17 USCMA 270, 38 CMR 68, both this day decided.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. The board may reassess the sentence appropriately, or order a rehearing thereon.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

The record of trial leaves me with the firm conviction that the court members, as well as the accused, knew and understood a bad-conduct discharge was authorized only because of the combined confinement for the several offenses.

After the accused entered a plea of guilty, the president inquired into his understanding of the nature and consequences of the plea. He then ruled that the plea was accepted, "[s]ubject to objection by any member of the court." In my opinion, this ruling alerted the court members to the fact that they were required to listen to the advice given to the accused, and to be fully satisfied as to its sufficiency. Consequently, I believe they listened to the president's subsequent instruction, which was as follows:

"Thompson, you are advised that none of the individual offenses to

292

which you have pleaded guilty authorizes a bad conduct discharge. However, the authorized confinement without substitution for all the offenses to which you have pleaded guilty exceeds six months. You are accordingly advised that the maximum punishment for all of the offenses in this case to which you have pleaded guilty is as follows:

"Confinement at hard labor for six months, forfeiture of two-thirds pay per month for six months, reduction to the lowest enlisted grade, and discharge from the naval service with a bad conduct discharge."

The above circumstances distinguish this case from United States v Yocom, 17 USCMA 270, 38 CMR 68, and its predecessor, United States v Hutton, 14 USCMA 366, 34 CMR 146. As far as the majority's reliance on United States v Wheeler, 17 USCMA 274, 38 CMR 72, is concerned, the record shows the court members were given a sentence work sheet, which defense counsel examined and approved. For the reasons set out in my opinion in United States v. Johnson, 17 USCMA 288, 38 CMR 86, I believe this distinguishes the case from *Wheeler*. I would, therefore, affirm the decision of the board of review.