UNITED STATES

v.

Senior Airman Brian I. JACK, FR 111–48–4886 United States Air Force.

ACM S24949.

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 Feb. 1980.

Decided 20 Nov. 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Thomas S. Markiewicz, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

### PER CURIAM:

The accused, dressed in sweat pants and tennis shoes, and wearing a nylon stocking as a cap, was apprehended at 0415 hours on 10 January 1980 at Carswell Air Force Base, Texas. At the time, he was leaving the dormitory room of a female airman, through the window, onto a third story ledge.

At his special court–martial, the accused pleaded guilty to unlawful entry into the airman's dormitory room, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and despite his pleas of not guilty, the court members convicted him of failure to obey a lawful order in violation of Article 92, Code, 10 U.S.C. § 892, *supra*.[1] The approved sentence is a bad conduct discharge, confinement at hard labor for three months, forfeiture of $299.00 per month for three months and reduction to airman basic.

Appellate defense counsel claim that the pleas of guilty to unlawful entry were improvident and that the evidence is insufficient to support findings of guilty of the disobedience offense. We agree with the latter claim, but find the pleas to be provident.

During the military judge's inquiry into the factual basis for the accused's guilty pleas to the unlawful entry offense, the accused responded as follows:

---

1. The defense motion to dismiss the disobedience offense (Charge I and its specification) because the offenses charged were multiplicious as to findings was correctly denied by the military judge. However, after findings, the judge instructed the members that the two offenses were multiplicious and should be considered as a single offense for punishment purposes. While we do not necessarily agree on the correctness of this determination regarding multiplicity, in view of our disposition of the case, we accept the judge's instruction as the law of the case.

Well, I went to the WAF dorm, I was going up to see a friend, Jackie Holloway. I knocked on her door and she wasn't in. I went out the ladies latrine room to go to the window. I got confused and went to the wrong window. I didn't realize that until I read the statement which said it was 315; I thought it was supposed to be room 317. I went there on advice on being talked to from a friend from a while back; he isn't here any more. We were discussing Jackie Holloway in depth. That is why I was going to her room, but I went to the wrong room.

Appellate defense counsel assert that his response raised the affirmative defense of mistake of fact and was inconsistent with the accused's pleas, thereby rendering the guilty pleas improvident. They claim that the failure of the military judge to reject the pleas or to inquire into the matter further requires that the findings be set aside.[2]

▪ Appellate government counsel correctly point out that unlawful entry is a general intent crime. *United States v. Burden*, 2 U.S.C.M.A. 547, 10 C.M.R. 45 (1953). To constitute the affirmative defense of mistake of fact to this general intent crime, the accused's mistaken belief must be such that his conduct would have been lawful if the facts had been as he honestly and reasonably believed them to be. *United States v. Holder*, 7 U.S.C.M.A. 213, 22 C.M.R. 3 (1956); *United States v. Baker*, 2 M.J. 360, 365 n. 10, affirmed 4 M.J. 89 (C.M.A.1977); *United States v. Anderson*, 46 C.M.R. 1073 (A.F.C.M.R.1973).

▪ Our reading of the accused's response does not disclose any mistaken belief which was either an affirmative defense to unlawful entry or inconsistent with the accused's guilty pleas. The defense argument that the accused may have honestly believed the occupant of the room would not have objected to his entry and therefore impliedly consented to it, completely ignores the existing facts and circumstances.

The time was 0415 hours. The accused had previously knocked at the door and ascertained that the occupant was not in the room. He then proceeded to enter what he supposed was the same room through an outside window which he approached by walking along a ledge on the exterior of the building. There is not even a hint in his response that he honestly *or* reasonably believed he had the implied consent of anyone to enter either dormitory room. His mistake as to which of the two rooms he entered would not under the circumstances exonerate or excuse his conduct. The accused's response was not inconsistent with those allegations admitted by his pleas of guilty. Therefore, we find that the pleas were provident and hold that they were properly accepted by the military judge.

In the disobedience offense, the accused was charged with failure to obey the order of the Commander, 7th Combat Support Group, by entering the consolidated women's dormitory, building 1520, after visiting hours.[3] The accused's presence in the women's dormitory contrary to the visiting hours prescribed in the order, its lawfulness as an order, and the accused's duty to obey it were proven without contest. The one element of the offense in issue is the accused's actual knowledge of the order and its issuance by competent authority.

The government's evidence on this element consisted of the testimony of Major A, the building custodian of the female dormitory, an admission of the accused that he had been in the female dormitory previously, and the testimony of Staff Sergeant C, the custodian of the dormitory where the accused resided for a period of time before 10 January 1980. Major A stated that on or before the date of the incident, large white plaques, clearly reflecting the visiting hours were prominently displayed on the outside of well–lighted entry doors to the women's dormitory. The plaques contained no reference to the Air Force regulation, the base

---

**2.** Article 45, Uniform Code of Military Justice, 10 U.S.C. § 845. See *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976).

**3.** Carswell Air Force Base Supplement 1 to Air Force Regulation 30–7, 4 October 1976, paragraph 1–2b(2).

supplement, "By the Order of _____," or any other authority for the limited visiting hours.

During an interview conducted on 10 January 1980, the accused admitted that he had been in the women's dormitory on other occasions. Staff Sergeant C stated that his best recollection was that he briefed the accused on the matter of visiting hours in the dormitories. He posted the visiting hours, Air Force Regulation 30–7 and the base supplement on the bulletin boards in his building but could not state when the posting was done or if the items posted remained on the boards so as to have been present on or before 10 January 1980, the date of the offense.

■ The required proof of the accused's actual knowledge may be in the form of direct or circumstantial evidence. *United States v. Dover*, 3 M.J. 764 (A.F.C.M.R. 1977). Manual for Courts–Martial, 1969 (Rev.), paragraph 171(*b*). The only direct evidence consisted of communications during a briefing by Staff Sergeant C. There is no indication that this briefing related visiting hours to AFR 30–7 or the supplement. The remainder of the evidence as to the presence of signs and the posting of regulations and visiting hours was circumstantial. While all of this evidence was relevant to prove the required knowledge, the direct evidence was tenuous at best and the circumstantial evidence carried little weight because of its lack of definiteness as to time.

■ After considering the entire record and all the evidence, we are satisfied that the accused was aware of the dormitory visiting hours.[4] However, we find insufficient evidence to convince us beyond a reasonable doubt that he knew that those visiting hours were set at the direction, command, or order of the 7th Combat Support Group Commander. Thus, we find lacking, proof that the accused had actual knowledge of the order being issued by competent authority.

Accordingly, the findings of guilty of Charge I and its specification are incorrect in law and fact and are hereby set aside and dismissed. Because of this action we have reassessed the sentence. The findings of guilty of Charge II and its specification and so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 per month for three months and reduction to airman basic are

AFFIRMED.

---

4. We note, however, one additional pitfall which we need not address in this case. The signs posted on the dormitory entrances only indicated permissible visiting hours. There was no direct indication that visiting during other times was prohibited.