## UNITED STATES

### v.

**Sergeant Arthur J. GAFFNEY, Jr., FR 187–46–4247 United States Air Force.**

### ACM S26054.

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 April 1983.

Decided 2 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi, and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, RAICHLE, and SNYDER, Appellate Military Judges.

---

5. The Motions to File Supplemental Authority of 8 and 20 September 1983 are GRANTED.

## DECISION

SNYDER, Judge:

Pursuant to his pleas, the accused was convicted of violating a lawful general regulation, making a false official statement, permitting the loss of classified information through gross negligence, and failing to report the loss to his superior officer.

After receiving the assignment of errors and the Government's reply, we specified the following issue:

WHETHER MATTER RAISED BY THE ACCUSED IN HIS UNSWORN STATEMENT WAS INCONSISTENT WITH HIS PLEAS OF GUILTY AND RENDERED SAID PLEAS IMPROVIDENT.

During the inquiry on his proffered plea, *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the accused admitted unequivocally that, on the dates in question, his duty required him to destroy certain classified material. Instead, he carried them home where he left the materials unsupervised and unsecured. On one occasion he destroyed the materials the following day upon returning to base. However, on the remaining occasions, he put them in a dumpster outside his home, where they were eventually discovered by neighborhood children. He fully admitted that his misfeasance violated the regulation and the section of the United States Code charged.*

The accused displayed no hesitancy in admitting that he was required to sign a document certifying that he had destroyed the classified materials as it was his duty to do. He admitted that each time he executed the Standard Form 153 he had not destroyed the materials, and his purpose in falsifying the form was to lead his superiors to believe that he had performed his duty. His explanation for committing the offenses was the site designated for destruction of classified materials changed its operating hours, which would have caused him to arrive at his residence later in the day than he desired. To use the accused's

words: "My basic intention was at the times when I was to do destruction I really had wanted to be home." The reason for the accused's priorities is that his wife was pregnant with his first child.

During the sentencing portion of the trial, defense counsel informed the military judge that the accused desired that he read an unsworn statement on the accused's behalf. The rather lengthy statement contained the following language near its end:

I also add again that I am an honest and hardworking young man with good ambition and *no criminal intent.* I admit that my actions were stupid, but they were not malicious.... (emphasis added)

The military judge did not conduct further inquiry to determine the accused's attitude toward the emphasized portion of his statement. *United States v. Timmons,* 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972). Therefore, we must determine if the accused's unsworn statement contains inconsistent matter which renders his plea improvident.

■ After careful review of the record and applicable precedents, we conclude that the referenced portion of the accused's unsworn statement did not render his plea improvident.

Article 45(a), U.C.M.J., 10 U.S.C. § 845(a), mandates that if an accused pleads guilty, but later sets up matter inconsistent with the plea, or enters the plea improvidently, a plea of not guilty must be entered in the record. This provision has been interpreted as manifesting congressional intent that guilt be acknowledged consistently from the plea through the sentence. *United States v. Thompson,* 21 U.S. C.M.A. 526, 45 C.M.R. 300 (1972).

The Court of Military Appeals has interpreted Article 45 to require more than a *mere possibility* of conflict between a guilty plea and the accused's statements before a guilty plea is rejected or set aside. *United States v. Logan,* 22 U.S.C.M.A. 349, 47

---

* Air Force Regulation 205–1, Information Security Program, para. 5–200a, 17 September 1981, and 18 U.S.C. § 793(f)(1).

C.M.R. 1 (1973). The test to be applied is as follows:

> [T]he record must contain some reasonable ground for finding an inconsistency between the plea and the statements.
>
> \* \* \* \* \* \*
>
> While we necessarily adhere to the mandate of Article 45, the intent of that article is fully met by requiring some substantial indication of direct conflict between the accused's plea and his following statements.

*United States v. Logan, supra* at 3.

Notwithstanding the use of the words "no criminal intent," we find no substantial conflict with the accused's plea and his explanation. He never claimed accident, mistake of fact, or any type duress. He simply wanted to be some place other than where his duties required him to be, and he knowingly and willfully falsified an official form to accomplish his goal.

 We view the essence of the accused's statement as an apology to the court. His statement that he is of good ambition and no criminal intent strikes us similarly to the Court's impression in *United States v. Wright,* 6 U.S.C.M.A. 186, 190, 19 C.M.R. 312, 316 (1955), and cited favorably in *United States v. Logan, supra* at 3:

> Rather, the explanation has the ring of "the usual version given by one who seeks to soften the punishment to be imposed, by assuring a court that he would not have been in the hands of the law had he been fully conscious of the consequences."

Although the trial judge did not conduct further inquiry as he should have, we find that the record does not contain any substantial indication of a direct conflict or a reasonable ground for finding an inconsistency between the pleas and the accused's statement. *United States v. Logan; United States v. Thompson; United States v. Timmons; supra; see generally, United States v. Jack,* 10 M.J. 572 (A.F.C.M.R. 1980), *pet. denied,* 11 M.J. 147 (1981); *United States v. Gonzales,* 9 M.J. 897 (A.F.C.M. R.1980); *United States v. Melacon,* 11 M.J.

753 (N.M.C.M.R.), *pet. denied,* 12 M.J. 58 (1981).

We have considered the other assignments of error and resolved them adversely to the accused. *United States v. Holt,* 16 M.J. 393 (C.M.A.1983); *United States v. Glover,* 16 M.J. 397 (C.M.A.1983). Considering the seriousness of the offenses and the accused's motivation for their commission, we view the sentence as entirely appropriate.

We note that the Court-Martial Order does not accurately reflect the findings. A corrected order is ordered.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.