UNITED STATES, Appellee

v

WILLIE L. PRYOR, Private, U. S. Army, Appellant

19 USCMA 279, 41 CMR 279

No. 22,435

March 6, 1970

*Captain Norman L. Blumenfeld* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser,* and *Captain Monte Engler.*

*Captain Larry S. Seuferer* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin·P. Wasinger, Major William A. Pope, II,* and *Captain William R. Steinmetz.*

Opinion of the Court

DARDEN, Judge:

Convicted by a general court-martial of larceny and forgery, the appellant was sentenced to a dishonorable discharge, partial forfeitures, confinement at hard labor for three years, and reduction to the grade of Private E-1. We have limited review of the case to the question of whether the law officer judicially erred in failing to verbally instruct the court members on the mechanics of voting, specifically that voting on proposed sentences should begin with the lightest proposed and continue until a sentence is adjudged by the concurrence of the required number of members.

After instructing the court members on the maximum permissible punishment and on matters that could be considered in mitigation, the law officer referred to a sentence work sheet and to a voting instruction work sheet. At the same time, trial counsel handed copies to the court. During an earlier out-of-court hearing concerning presentencing matters, a copy of the voting instructions had been marked and admitted into evidence without objection as Appellate Exhibit 13. This instrument described the processes of deliberation and voting on sentence as prescribed by paragraph 76b(2), Manual for Courts-Martial, United States, 1951. It also included the admonition to "vote by secret written ballot on the proposed sentences, beginning with the lightest" as required by this Manual provision. This advice was not made a

**279**

part of the law officer's oral instructions later given the court.

Appellate Government counsel urge that the instructions given are in accord with this Court's mandate set forth in United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969), and that United States v Caid, 13 USCMA 348, 32 CMR 348 (1962), is controlling. The sentence adjudged in *Caid* included a fine, though a fine was not one of the enumerated possibilities covered by the president of that special court-martial in his sentencing instructions. A fine was, however, one of the permissible sentences on a work sheet presented to the court after the work sheet was examined by the accused and opposing counsel. When Caid's sentence was announced, trial counsel suggested that perhaps the court intended to impose forfeitures rather than a fine. After the president drew attention to the provision in the work sheet both counsel agreed that assessment of a fine was a possible sentence properly before the court-martial. Under those circumstances, this Court declared in *Caid:*

"While we do not recommend the procedure of presenting instructions on the sentence through the medium of a work sheet, where, as here, all the parties to the trial have examined it in open court and agreed that it constitutes a part of the sentence advice, we are inclined to find no error in its use." [United States v Caid, supra, at page 352.]

In *Caid,* the inclusion of the fine as a part of the sentence demonstrated that the court members had considered the work sheet in their determination of a proposed sentence. There are no such assurances in this record. Here, the exhibits were simply handed to the court by trial counsel unaccompanied by a word of advice or caution from the law officer. Moreover, the adjudged sentence—unlike that in *Caid*—affords us no guidance is assessing the worth of this assignment of error. We cannot say, therefore, that the exhibits here were used as a substitute for the required oral instructions. Reversal of the sentence is required.

Accordingly, the decision of the Court of Military Review as to the sentence is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on the sentence may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

Apart from any question of waiver resulting from the accused's failure to object to the sentence procedure (United States v Forwerck, 12 USCMA 540, 543–544, 31 CMR 126 (1961)), at the time the writing containing instructions on voting was handed to the court members, the law officer described it as "voting instructions." He also indicated the writing was given to the court members to "aid" in discharge of their function. In my opinion, implied in the incident was a direction that the writing be read, and I believe the court members understood they were required to read it. Given that understanding, it may fairly be inferred that they did what they were instructed to do, and read the writing. United States v O'Briski, 2 USCMA 361, 363, 8 CMR 161 (1953). The written instructions as to the voting procedure are accurate and adequate. The situation, therefore, is substantially similar to that in United States v Caid, 13 USCMA 348, 32 CMR 348 (1962), in that the procedure was inartful, but there was no resulting prejudice to the accused. I would affirm the decision of the board of review.