UNITED STATES, Appellee

v

GARY M. MUIR, Private, U. S. Army, Appellant

20 USCMA 188, 43 CMR 28

No. 22,842

December 11, 1970

*Captain Stewart Pettet Davis* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Captain Howard L. Kaplus.*

*Captain Ronald Stefani* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain Thomas W. Phillips.*

### Opinion of the Court

DARDEN, Judge:

Because the military judge in this case introduced a sentence work sheet and a written instruction on voting procedure for the court's use "[a]s an aid in putting the sentence in proper form," following the appellant's conviction of attempted robbery and of robbery, the question that now arises is whether he prejudicially erred by failing to give complete oral instructions before sentencing.

The mimeographed instruction on voting procedure that was used advises court members to include "full and free discussion" in their deliberations; that influence of rank is not to be employed to control the exercise of a member's judgment; that all who desired to do so could propose a sentence in writing that would be collected by the junior member present and given to the president of the court; that sentence proposals would

188

be voted on by secret written ballot, beginning with the lightest sentence, to determine if one was adopted by the required number of members (this instruction was also given orally); that the junior member should collect and count the votes, with a check being made by the president, who, in turn, would announce the result; that any sentence adjudged required the concurrence of two-thirds of the members present at the time of voting but that the concurrence of three-fourths was needed where a sentence included confinement at hard labor in excess of ten years (this point, too, was the subject of an oral instruction); and, finally, that if in computing the vote required a fraction resulted, that fraction would be counted as a whole vote.

In the judgment of appellate Government counsel, instructions given by the military judge are in accord with the Manual for Courts-Martial, United States, 1969 (Revised edition), and the case law of this Court. Neither source, they say, requires instructions on the mechanics of voting, either orally or in writing. Their position is that information in paragraph 76b(1), Manual, supra, must be furnished by an oral instruction but that the guidance in paragraphs 76b(2) and 76b(3) may be brought to the court's attention by other means.

The Court's holding in United States v Pryor, 19 USCMA 279, 41 CMR 279 (1970), that a court must be orally instructed that voting on proposed sentences must begin with the lightest sentence proposed is considered by Government counsel to be only a sequel to United States v Johnson, 18 USCMA 436, 437, 40 CMR 148 (1969), where the requirement for an instruction that voting should begin on the lightest sentence proposed was held to be essentially "a part of military due process." In the case before us, the military judge gave an oral instruction on the order in which proposed sentences were to be voted on.

The Government argument continues with the assertions that the guidelines in paragraph 76b(2), except for the sentence voting order, are so fully established in the military judicial system it is only "reasonable to assume that each individual court member was fully aware of them," and that there is enough independent reassurance, such as the oath of the court members, the oral instructions, and the resulting action of the court, to permit an inference that the members acted with full information.

In United States v Johnson, supra, the law officer's instruction on voting conformed to the requirements of paragraph 76b(2) except that he did not inform the court that it should vote on proposed sentences beginning with the lightest. The provision that voting on sentences should begin with the lightest one proposed was described in the *Johnson* opinion as more than a "mere technicality." We found it to be "essentially, a part of military due process," hence the instructional omission resulted in reversal of the sentence. 18 USCMA, at page 437.

Although the *Johnson* and *Pryor* opinions addressed only one topic among the sentence instructions, those opinions presaged our concern about sentence instructions that are provided only in written form. We did not intend to limit our emphasis on the importance of oral instructions covering procedures for determining sentence to the one subject of sentence voting order. A military judge should furnish court members with instructions on the questions they are responsible for deciding, both on findings and on sentence. Court members are not expected to consult other sources for the law. United States v Linder, 6 USCMA 669, 20 CMR 385 (1956). We consider it preferable that the ▮ judge's instructions to the court be given "orally in the presence of counsel and the defendant." United States v Noble, 155 F2d 315, 318 (CA3d Cir) (1946). After a military judge has orally instructed a court on the procedures by which it determines a sentence, he may also furnish some or all of his instructions in writing for reference. Oertle v United States, 370 F2d 719 (CA10th Cir)

(1966), certiorari denied, 387 US 943, 18 L Ed 2d 1329, 87 S Ct 2075 (1967).

Nonetheless, in the present case counsel for the Government accurately observe that the written ■ form was not "simply handed to the court by trial counsel unaccompanied by a word of advice or caution." United States v Pryor, supra, at page 280. Instead, this record shows that, after introduction of the form sheet and while instructions were still being given orally, the military judge specifically referred to the written instruction on voting procedure in a reminder to the court that the lightest proposed sentence should be voted on first. Under these circumstances, we think it reasonable to conclude that the court members did in fact make use of the entire instruction form in their consideration of the sentence in this case and, as a result, that Muir was unharmed. Accordingly, we affirm the decision of the United States Army Court of Military Review.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

Of all the shortcut procedures adopted by the military for use in courts-martial (cf. United States v Bowman, 20 USCMA 119, 42 CMR 311 (1970)), the one utilized in this case is, in my opinion, the most irregular. Instead of instructing the court *orally* as to the procedure to be followed in voting on sentence, the military judge gave to the court members a printed sheet of instructions bearing on this issue (Appellate Exhibit 3).[1] Coterminous with this action, he told the court:

"MJ In this case there is the possibility, of course, of the punishment exceeding ten years. In order to bring in a sentence that has punishment of more than ten years, it requires three-fourths of you members, so it would take seven members out of the nine in order to reach a sentence that is in excess of ten years.

"To reach a sentence of ten years or less, it requires the concurrence of two-thirds of the members, which would be six.

"I remind you, as it is contained in that written voting instructions, that you take the lightest proposed sentence first to vote on.

"Now lastly, these instructions must not be interpreted as indicating an opinion as to the kind or amount of punishment which should be adjudged, for you alone have the independent responsibility of making that determination."

In United States v Pryor, 19 USCMA 279, 41 CMR 279 (1970), a majority of this Court reversed and remanded for a rehearing on sentence because the law officer utilized a printed memorandum detailing the voting procedure to be followed instead of instructing the court orally. The only difference between this case and *Pryor* is that in *Pryor* the law officer did not include the verbal comments noted above. See also United States v King, 19 USCMA 500, 42 CMR 102 (1970); United States v Tripp, 19 USCMA 509, 42 CMR 111 (1970); United States v Ventegeat, 20 USCMA 32, 42 CMR 224 (1970).

Paragraph 73a, Manual for Courts-Martial, United States, 1969 (Revised edition), requires that:

"*All instructions* given by the military judge, or the president of a special court-martial without a military judge, will be given in *open session* in the presence of the accused and counsel for both sides." [Emphasis supplied.]

The civilian rule is in accord. Rule 30, Federal Rules of Criminal Procedure. The rationale behind the rule is clearly set forth in United States v Noble, 155 F2d 315, 318 (CA3d Cir) (1946):

". . . [N]ot only are counsel and the defendant entitled to hear the instructions in order that they may, if they are incorrect, object to them and secure their prompt correction by the trial judge, but it is equally

---

[1] See Appendix.

190

important to make as certain as may be that *each member of the jury has actually received the instructions. It is therefore essential that all instructions to the jury be given by the trial judge orally in the presence of counsel and the defendant.*" [Emphasis supplied.]

See also United States v Max, 156 F2d 13 (CA3d Cir) (1946). Cf. Wright v United States, 301 F2d 412 (CA10th Cir) (1962). Whether the jurors should be given a copy of the instructions is within the sound discretion of the trial judge. Oertle v United States, 370 F2d 719 (CA10th Cir) (1966), and cases cited in footnote 16 at page 729.[2] However, this does not relieve him of the responsibility for instructing orally. As the court in *Oertle* stated at page 729:

". . . In the first instance, it is the duty of the judge to instruct the jury as to the applicable law in plain, understandable language. The judge should be satisfied in his own mind that the jurors comprehend and understand the law as applied to the facts of the case."

The Military Judges' Guide, Department of the Army Pamphlet No. 27–9 (May 1969), chapter 1, paragraph 1–1a (2) (f), presupposes oral instructions, for it states:

"When delivering instructions, the military judge should speak in conversational voice, using language that is clear, simple, and understandable. He should avoid any reflection, act, or demeanor that suggests his personal opinion, or conveys a meaning that is not expressed in the language employed."

Of particular importance in this case is the fact that there is no assurance that the court members individually were aware of the total contents of the memorandum outlining the voting procedure to be followed since they were not even instructed to read it. Nor does the record indicate that defense counsel and the accused were aware of its

contents. In point of fact, the memorandum is referred to only twice in the record. During the out-of-court hearing to inquire into the providence of the accused's guilty plea, the military judge, after reviewing the pretrial agreement between the accused and the convening authority, asked if there was "anything else." Upon receiving an affirmative reply from the trial counsel, the judge stated, "You may have the sentence worksheet and the voting procedure marked. (Reporter marks documents)." Nothing in the record reflects that defense counsel and the accused viewed the document. Later, during the instructions on sentence, the military judge told the court, "As an aid in putting the sentence in proper form, you will be provided with a sentence worksheet and some voting instructions on the sentence. (TC hands same to court)." Thereafter, he alluded to a portion of the material in the memorandum in the fashion quoted above.

The military judge's passing reference to the number of votes required in the event a sentence of more than ten years is decided upon and his admonition that the members initially vote on the lightest proposed sentence, fails to call attention to the other, *equally important,* matters of procedure referred to in the memorandum. See paragraph 76b(2), (3), Manual, supra. Cf. United States v Johnson, 18 USCMA 436, 40 CMR 148 (1969). Nowhere were they *orally* informed that:

(1) During the deliberation and voting regarding the sentence, only the members of the court will be present.

(2) Deliberation may properly include full and free discussion.

(3) The influence of superiority in rank shall not be employed in any manner in an attempt to control the independence of members in the exercise of their judgment.

(4) When the court has completed its discussion, any member who desires to propose a sentence will write his proposal on a slip of paper.

---

[2] Cf. paragraph 73d, Manual for Courts-Martial, United States, 1969.

**191**

(5) The junior member will collect the proposed sentences and submit them to the president.

(6) The court will then vote by secret written ballot on the proposed sentences, to determine whether one of them is adopted by the concurrence of the required number of members.

(7) The junior member shall in each case collect and count the votes, and the count shall be checked by the president who shall forthwith announce the result of the ballot to the members of the court.

Nowhere, not even in the memorandum on voting procedure, was the court informed that prior to the announcement of the sentence any member of the court could propose that a sentence be reconsidered. The procedure established for this process is contained in paragraph 76d, Manual, supra. Compare United States v Boland, 20 USCMA 82, 42 CMR 274 (1970); United States v McAllister, 19 USCMA 420, 42 CMR 22 (1970).

In United States v Johnson, supra, we reversed because the law officer's oral instructions on voting procedure failed to *fully* conform to the requirements of paragraph 76b(2). His failure to instruct the court that it should begin voting by initially considering the lightest proposed sentence was held to be plain error, since this procedural right, accorded to the accused by the President (United States v Smith, 13 USCMA 105, 32 CMR 105 (1962)), was found to be "essentially, a part of military due process." (*Johnson*, supra, at page 437.) In United States v Pryor, United States v King, United States v Tripp, and United States v Ventegeat, all supra, we reversed because the law officer gave no oral instructions on voting procedure but simply handed to the court a printed memorandum containing the procedure to be followed. My brothers correctly note that in *Pryor* "We did not intend to limit our em-

phasis on the importance of oral instructions covering procedures for determining sentence to the one subject of sentence voting order." As they properly observe: "Court members are not expected to consult other sources for the law. United States v Linder, 6 USCMA 669, 20 CMR 385 (1956)."

In my opinion all of the benefits accorded the accused by paragraphs 76b (2) and 76d of the Manual are an essential part of military due process, not just that which refers to the order of voting on proposed sentences. As we said in *Pryor*, at page 280:

". . . Moreover, the adjudged sentence[3]—unlike that in *Caid* [13 USCMA 348, 32 CMR 348 (1962)] —affords us no guidance in assessing the worth of this assignment of error. We cannot say, therefore, that the exhibits here were used as a substitute for the *required oral instructions*. Reversal of the sentence is required." [Emphasis supplied.]

My brothers' dilution of the clear meaning of *Pryor* is, in my opinion, wholly unwarranted on this record and an invitation to a further disregard of rules of procedure. Cf. United States v Jenkins, 20 USCMA 112, 42 CMR 304 (1970); United States v Palos, 20 USCMA 104, 42 CMR 296 (1970); United States v Turner, 20 USCMA 167, 43 CMR 7 (1970).

I would reverse the decision of the Court of Military Review as to sentence and direct that a rehearing on sentence may be ordered.

## APPENDIX

### "VOTING PROCEDURE

"When the court closes to deliberate and vote regarding the sentence, only the members of the court will be present. Deliberation may properly include full and free discussion. The influence of superiority in rank shall not be employed in any manner in an attempt to

---

[3] This seventeen-year-old accused, a first offender, was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The court deliberated only fifteen minutes and the sentence, not surprisingly, is the same as that set forth in the pretrial agreement.

control the independence of members in the exercise of their judgment.

"When the court has completed its discussion, any member who desires to propose a sentence will write his proposal on a slip of paper. The junior member will collect the proposed sentences and submit them to the president. The court will then vote by secret written ballot on the proposed sentences, beginning with the lightest, to determine whether one of them is adopted by the concurrence of the required number of members. The junior member shall in each case collect and count the votes, and the count shall be checked by the president who shall forthwith announce the result of the ballot to the members of the court.

"Any sentence adjudged requires the concurrence of two-thirds of the members present at the time the vote is taken and a sentence which includes confinement in excess of ten years shall be determined by the concurrence of three-fourths of the members present at the time the vote is taken. If, in computing the number of votes required, a fraction results, such fraction will be counted as one.

App Ex 3."