**UNITED STATES**

v.

**Joseph W. FLORENCIO, Seaman Apprentice, U.S. Coast Guard.**

**CGCMS 23641.**
**Docket No. 842.**

U.S. Coast Guard Court of Military Review.

22 Aug. 1983.

Defense Counsel: LT James J. Vallone, USCGR.

Appellate Defense Counsel: LT Dana J. St. James, USCGR.

Appellate Government Counsel: LT Christena G. Green, USCGR.

### DECISION

MORGAN, Chief Judge:

Seaman Apprentice Joseph W. Florencio was tried by a special court-martial comprised of a military judge and members at Governors Island, New York, 22 and 23 September 1981. The accused pleaded guilty to and was convicted of thirteen worthless check offenses in violation of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a, one offense of wrongfully possessing and using a false identification card in violation of Article 134, UCMJ, 10 U.S.C. § 934 and one offense of signing a false official document in violation of Article 107, UCMJ, 10 U.S.C. § 907. The court-martial members sentenced the accused to be confined at hard labor for three months, to pay the United States a fine of $1,200.00 to be paid at the rate of $300.00 per month for four months, to be reduced to pay grade E–1 and to be discharged from the service with a bad conduct discharge. The findings of guilty and the sentence were approved by the convening authority and by the officer exercising general court-martial jurisdiction.

Appellate defense counsel contends that the portion of the sentence adjudging a fine is illegal since the accused was not advised during the military judge's inquiry into the providence of his guilty pleas that a fine was included in the maximum sentence authorized. Counsel also contends that the sentence to a bad conduct discharge is inappropriate.

Our Court considered the legality of a fine in *U.S. v. Martinez*, 2 M.J. 1123 (C.G.C. M.R.1976). Martinez was tried by a military judge alone. He pleaded guilty to two unauthorized absence offenses. The military judge conducted the customary inquiry to establish that the guilty pleas were entered providently. The inquiry included advice that the accused could be sentenced to the maximum punishment authorized in the case, namely, "a bad conduct discharge, confinement at hard labor for six months, forfeiture of two thirds * * * pay per month

for six months and reduction to the lowest pay grade." The record did not indicate that Martinez had been advised or was aware that a fine could be adjudged as part of the sentence in his case.

The military judge sentenced Martinez to be discharged from the service with a bad conduct discharge, to be reduced to the grade of seaman recruit, to pay the United States a fine of $500.00 and to be confined at hard labor until the fine was paid but for not more than three months.

We found that portion of the sentence adjudging a fine illegal and set it aside because a fine was not included within the authorized maximum punishments enumerated by the military judge in his advice to the accused. We noted on the basis of *U.S. v. Crawford,* 12 U.S.C.M.A. 203, 30 C.M.R. 203 (1961) that a sentence adjudged by special court-martial members may not legally include punishments other than those instructed upon by the military judge. For as the Court said in Crawford, the military judge's instructions "mark out the legal framework within which the court may properly exercise its powers." 12 USCMA 204, 30 CMR 204.

Applying the Crawford rationale to a trial by military judge alone we said:

"[W]here the military judge is the court and imposes the sentence, but the accused has pleaded guilty and the judge has declared the maximum authorized punishment, his declaration 'marks out the legal framework within which the court may exercise its powers.'" *U.S. v. Martinez,* supra at 2 M.J. 1124.

In the case now before us the advice given Seaman Apprentice Florencio by the military judge with respect to the maximum punishment which might be adjudged on the basis of his guilty pleas alone was in substance the same as that stated by the military judge in *U.S. v. Martinez.* But at that point the similarity between this case and Martinez ends.

█ Unlike Martinez, Seaman Apprentice Florencio was convicted of offenses involving unjust enrichment for which a fine

is clearly appropriate. See paragraph 126*h* (3), Manual for Courts-Martial, 1969 (Rev.). During argument on sentence both trial counsel and defense counsel acknowledged the legality and appropriateness of a fine by arguing for that very punishment as a part of any sentence to be adjudged. Defense counsel sought to persuade the members that neither a bad conduct discharge nor confinement was appropriate for Seaman Apprentice Florencio and the non-violent offenses of which he stood convicted. Instead, he argued:

"Gentlemen, I would urge that is the purpose of confinement, that is the purpose of a bad conduct discharge, to keep people off the streets who are violent, who are a danger to society. The crime in question here, is one of wrongful enrichment. The individual through cashing his checks obtained money that was not rightfully his. He admits to that, accordingly, a punishment should be appropriate. *I would say that a substantial fine, is very appropriate.* If you feel anything more is needed, I would suggest that restriction, and/or extra duties would serve that purpose." (Underscoring added).

Further in his argument defense counsel addressed the issue of deterrence of others as follows:

"A punishment that is given blindly, and with only the response in accordance with retribution, will be looked at very—very unfavorably. *A punishment more in the lines of a substantial fine,* and or restriction, and extra duties, would be looked at, I believe as a reasonable punishment in this instance. It would serve both the ends of justice, the ends of punishing Seaman Apprentice Florencio, and the ends of general deterrence to other members of the command." (Underscoring added).

The military judge instructed the members that a fine was an appropriate punishment in the case. He also explained the difference between a fine and forfeiture of pay and the applicable limitations on the amount and duration of any fine which they

might adjudge. The defense interposed no objection to this instruction. The military judge also provided the members a sentence worksheet which specifically listed a fine as one form of punishment which might be included in the sentence. Defense counsel acknowledged that he had examined the worksheet and offered no objection to it. See *U.S. v. Caid,* 13 U.S.C.M.A. 348, 32 C.M.R. 348 (1962).

Finally, defense counsel did not question the legality of the sentence when it was announced by the president of the court. Nor did he challenge or attempt to rebut the staff legal officer's advice to the officer exercising general court-martial jurisdiction that the portion of the sentence adjudging a fine was legal and appropriate. Indeed, his letter of rebuttal in the nature of a further plea for clemency again explicitly acknowledged the appropriateness of the fine as follows:

> " * * * [A] realistic and fair approach demands that the bad-conduct discharge not be executed. The offenses committed by my client amounted essentially to unjust enrichment. The substantial confinement already served by my client in addition to the reduction in rate and substantial fine, are alone sufficient punishment and deterrence."

See *U.S. v. Brown,* 1 M.J. 465 (C.M.A.1976); *U.S. v. Goode,* 1 M.J. 3 (C.M.A.1975).

In *U.S. v. Martinez, supra,* a fine had not been mentioned as a possible punishment prior to announcement of the sentence and the record left substantial doubt as to whether Martinez was aware that his sentence might include a fine. In the case at bar there is no doubt that Seaman Apprentice Florencio was fully aware that a fine was an authorized punishment. Indeed, through counsel, he sought that very punishment in lieu of others. The military judge instructed fully on a fine as one aspect of punishment to be considered by the members so that it was a portion of the framework within which the court was authorized to exercise its powers. These circumstances clearly distinguish this case from *U.S. v. Martinez* and convince us that the fine adjudged by the members is both legal and appropriate.

Seaman Apprentice Florencio stands convicted of making and uttering thirteen worthless checks. His ability to utter the checks was facilitated by his use of a false identification card which he had obtained through false representations. During his 15 months of service in the Coast Guard prior to this trial he had also been punished three times under the provisions of Article 15, UCMJ, and had been convicted by a summary court-martial. We have considered the plea for reduction of the sentence against the appellant's record of repeated misconduct and have concluded that the sentence approved on review below is entirely appropriate.

Errors assigned by trial defense counsel in a brief attached to the record of trial pursuant to Article 38(c), UCMJ, have been considered and found to be without merit. See *U.S. v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

The findings of guilty and the sentence approved on review below are affirmed.