**UNITED STATES, Appellee,**

v.

**Private E2 James M. PENDRY, 236–27–2532, United States Army, Appellant.**

**ACMR 8800860.**

U.S. Army Court of Military Review.

20 Oct. 1989.

---

For appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Marion E. Winter, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial composed of members of aggravated assault by a means likely to produce grievous bodily harm in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. His approved sentence included a bad-conduct discharge, confinement for 45 days, forfeiture of all pay and allowances, and reduction to Private E1.

Appellant contends that the military judge erred to his prejudice by instructing the court-martial prior to closing arguments on findings in contravention of the procedure prescribed by the Manual for Courts–Martial:

> Instructions on findings shall be given after arguments by counsel and before the members close to deliberate on findings, but the military judge, may, upon request of the members, any party, or sua sponte, give additional instructions at a later time.

Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 920(b).[1] We agree that the judge erred but hold that the error was waived.

The Manual for Courts–Martial provides: Failure to object to an instruction or to omission of an instruction before the members close to deliberate constitutes waiver of the objection in the absence of plain error. The military judge may require the party objecting to specify of what respect the instructions given were improper. The parties shall be given the opportunity to be heard on any objection outside the presence of the members.

R.C.M. 920(f). Although the plain language of R.C.M. 920(f) limits its applicability to situations where counsel fail to object to substantive deficiencies or omissions in instructions, we believe that sound trial administration warrants a broader application to include a failure to object to the timing of instructions.

 Appellate defense counsel argue that the timing of instructions in the case at bar constitutes plain error. The law regarding plain error is clear:

In order to constitute plain error, the error must not only be both obvious and substantial, it must also have "had an unfair prejudicial impact on the jury's deliberation." The plain error doctrine is invoked to rectify those errors that "seriously affect the fairness, integrity, or public reputation of judicial proceedings." As a consequence, it is "to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result."

*United States v. Fisher*, 21 M.J. 327, 328–9 (C.M.A.1986) (citations omitted). A claim of plain error "must be evaluated against the entire record." *United States v. Fisher*, 21 M.J. at 329.

Testing for prejudice on the basis of the entire record, we find none.[2] To the contrary, the timing of the instructions in the case at bar may have actually aided the appellant's counsel who referred to the instructions during his argument on behalf of the appellant.[3] Accordingly, we hold appellant's assignment of error is without merit.

We have considered appellant's remaining assignments of error and find them also without merit.

The findings and sentence are affirmed.

Senior Judge DeFORD and Judge KANE concur.

---

1. The Federal Rules of Criminal Procedure were amended in 1988 to permit a federal judge, in his discretion, to instruct the jury "before or after the arguments are completed or at both times." Fed.R.Crim.P. 30. The greater flexibility afforded by such modification would be beneficial in the military justice system. We recommend amendment of R.C.M. 920(b) to conform with federal practice.

2. We note that the drafters of the Manual premised R.C.M. 920(b) upon paragraph 73a of the Manual for Courts–Martial, United States, 1969 (Rev. ed.), and a now superseded version of Federal Rule of Criminal Procedure [hereinafter Fed.R.Crim.P.] 30 that was in effect at the time the rule was drafted. These precursor rules, like the current Manual, provided that instructions on findings be given after completion of arguments. When reviewing violations of these rules, federal courts and the United States Court of Military Appeals did not construe these rules as mandating reversal but have tested for prejudice regardless whether the error was preserved by objection or was considered a plain error.

See *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Solomon*, 856 F.2d 1572 (11th Cir.1988); *United States v. Slubowski*, 7 M.J. 461 (C.M.A.1979).

3. In *Slubowski*, Chief Judge Everett wrote:

As to the timing of the instructions, we note that paragraph 73 [of the 1969 Manual] refers to the military judge's duty to instruct the members "[a]fter closing arguments have been concluded." Whether this phrase is mandatory or merely recognizes the procedure employed in most trials need not detain us as it is apparent from the record that appellant has not been prejudiced by the timing of the instructions. Indeed, trial defense counsel did not object to the reasoning of the military judge, nor did he submit the procedure would prejudice appellant. Rather, he asserted that it was inconsistent with the Manual. Thus, we do not now decide the import of the quoted language.

*United States v. Slubowski*, 7 M.J. at 465.