UNITED STATES, Appellee,

v.

Sergeant First Class Tom CLEMONS, 421–70–2792, United States Army, Appellant.

ACMR 9100620.

U.S. Army Court of Military Review.

15 Sept. 1992.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Lawrence W. Andrea, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Captain Donna L. Barlett, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before CREAN, WERNER, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

CREAN, Senior Judge:

The appellant was found guilty, contrary to his pleas, by a general court-martial composed of officer and enlisted members of two specifications each of assault consummated by a battery and indecent assault, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1982) [hereinafter UCMJ]. The court members initially sentenced the appellant to confinement for thirty-six months and reduction to Specialist E4. After two proceedings in revision, the court members amended their sentence to confinement for thirty-six months, which was approved by the convening authority.

The appellant was convicted of assaulting four female members of his unit living in the same tent as the appellant. These incidents, and the trial itself, took place in a tactical assembly area occupied by the 3rd Armored Division during Operation Desert Storm.

After the military judge heard preliminary matters, the court members were called, received preliminary instructions from the military judge, were sworn, and voir dire was conducted by counsel for both sides. Because of peremptory and causal

challenges, the number of court members was reduced below the required quorum. The convening authority added more members the next day.

At the next session, only the new members added that day by the convening authority were present. These new members received the normal preliminary instructions from the military judge including a description of the nature of their duties, the procedures for conducting voir dire, and the meaning of both peremptory and causal challenges. The military judge conducted a short voir dire. The trial counsel did not ask any questions and the trial defense counsel asked specific questions of the members concerning the nature of the case. The new members were not sworn before this voir dire was conducted. The trial defense counsel did not object to the members not being sworn for voir dire. Neither counsel raised any causal challenges, but both exercised peremptory challenges. The old and new members were then assembled and the oath was given to the entire panel.

Three times during the trial, the military judge stated, "Keep this off the record." The first time occurred for a two-minute pause while the military judge and counsel discussed the flyer to go to the court members. The second time was a one-minute pause during the time that the military judge and counsel were discussing the members that were remaining after the final challenges of court members. The third time was a thirteen-minute pause while photographs were marked as defense exhibits.

The appellant now asserts that the military judge erred by failing to have the new court members sworn before their voir dire. He also asserts that the military judge erred when he went "off-the-record," and thus, created a non-verbatim record of trial. We disagree and affirm.

■ Court members must take an oath to perform their duties faithfully. The form and timing of the oath are prescribed in regulations of the Secretary of each service. UCMJ art. 42(a), 10 U.S.C. § 842(a). Rule for Courts–Martial 912(b) discussion [1] states that for voir dire, the members should be sworn. The Secretary of the Army has not prescribed a specific time during the trial for the court member oath to be administered. It is only required that the oath "should be administered at every court-martial to impress on the participants the solemnity of the proceedings." *See* Army Reg. 27–10, Legal Services: Military Justice, para. 11–5 (22 Dec. 1989). The oath administered to the court members, in part, requires "that you will answer truthfully the questions concerning whether you should serve as a member of this court-martial." R.C.M. 807(b)(2) discussion.

■ It is clear from the oath itself that it should be given to the members prior to voir dire. However, this is not an absolute requirement and the failure to swear the court members prior to voir dire does not make the rest of the proceedings a nullity. The court members were advised of the solemnity of the proceedings in the instructions of the military judge, and were sworn before the evidentiary and deliberative part of the trial. There is no indication that any of the court members answered the voir dire questions untruthfully. Accordingly, we find that the appellant was not prejudiced by the failure to swear the court members prior to voir dire. We also find that the error was waived by the appellant's failure to object at trial. R.C.M. 801(g); *see United States v. Pendry*, 29 M.J. 694 (A.C.M.R.1989).

■ We now turn to the assertion that the record of trial is not verbatim. A verbatim record of trial is required when certain punishments are given an accused. UCMJ art. 54(c)(1), 10 U.S.C. § 854(c)(1); R.C.M. 1103(b)(2)(B). To be verbatim, the record of trial must constitute an accurate account of the essential substance of the proceedings. *United States v. Whitman*,

1. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 912(b) discussion [hereinafter R.C.M.].

11 C.M.R. 179, 181 (C.M.A.1953). Verbatim does not mean exact word-for-word accuracy, and insubstantial omissions do not deprive a transcript of its verbatim nature. *United States v. Donati,* 34 C.M.R. 15 (C.M.A.1963); *United States v. Garman,* 11 M.J. 832 (A.F.C.M.R.1981). Conversely, an omission of the testimony of five defense witnesses, *United States v. Boxdale,* 47 C.M.R. 351 (C.M.A.1973), and of a prosecution exhibit, *United States v. McCullah,* 11 M.J. 234 (C.M.A.1981), have been held to make a record of trial nonverbatim.

▪ The "off-the-record" sessions in this case involved instances or times when purely administrative matters were taking place. While we will not speculate what took place when the court went "off-the-record," it does appear that what took place was not an essential substance of the trial. It also appears that the sessions were not recorded for legitimate purposes. It must be remembered that this case was not tried under ideal conditions.[2] Accordingly, we find that the omitted "off-the-record" portions the trial were insubstantial and hold that the record of trial is verbatim.

The findings of guilty and the sentence are affirmed.

Judge WERNER and Judge GONZALES concur.

---

2. The record of trial reveals that the trial of the case took place after the termination of the ground war against Iraq, but while units were still maneuvering. The headquarters where the case was tried was scheduled to move (or "jump") the evening of the case. The case was tried under harsh war conditions.